# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 31, 2013

Lyle W. Cayce
Clerk

No. 12-10412
Summary Calendar

JUSTIN WAYNE SMITH,

Plaintiff-Appellee

v.

CINDY MARTINEZ, Registered Nurse, Kaufman County Sheriff's Office,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-703

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Justin Wayne Smith, Texas prisoner #1518707, filed a 42 U.S.C. § 1983 lawsuit against four defendants associated with the Kaufman County Jail for violations of his constitutional rights while he was a pretrial detainee in 2008. Smith alleged that the defendants, including head nurse Cindy Martinez, were deliberately indifferent to his serious medical needs arising from ulcerative colitis. All four defendants moved for summary judgment, asserting qualified immunity among other things. The magistrate judge recommended that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

summary judgment be granted in part and denied in part. The magistrate judge found that there was a genuine issue of material fact that Martinez had been deliberately indifferent to Smith's medical needs by failing to monitor his deteriorating condition from January 2, 2008, to February 14, 2008. Following objections, the district court adopted the magistrate judge's findings and conclusions. The district court specifically found that the record as a whole presented a genuine dispute of material fact "that Martinez acted with deliberate indifference to Smith's serious medical needs."

The denial of a motion for summary judgment based upon qualified immunity is a collateral order capable of immediate review. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). However, our jurisdiction to review the denial is "significantly limited," extending to questions of law only. *Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004) (en banc). "Whenever the district court denies an official's motion for summary judgment predicated upon qualified immunity, the district court can be thought of as making two distinct determinations, even if only implicitly." *Kinney*, 367 F.3d at 346. "First, the district court decides that a certain course of conduct would, as a matter of law, be objectively unreasonable in light of clearly established law. Second, the court decides that a genuine issue of fact exists regarding whether the defendant(s) did, in fact, engage in such conduct." *Id.* "According to the Supreme Court, as well as our own precedents, we lack jurisdiction to review conclusions of the second type on interlocutory appeal." *Id.* "We do, however, have jurisdiction to review the first type of determination, the purely legal question whether a given course of conduct would be objectively unreasonable in light of clearly established law." *Id.* at 347. We have recently applied this analysis to the denial of summary judgment based on qualified immunity in a pretrial detainee's § 1983 action for deliberate indifference to a substantial risk of medical harm. *See Brown v. Strain*, 663 F.3d 245, 248-50 (5th Cir. 2012).

In *Brown*, we held that a defendant would not be entitled to qualified immunity if the plaintiff "had alleged facts showing that [the defendant] was deliberately indifferent to the substantial risk of medical harm" faced by the defendant. *Id.* at 249. We then cited *Tamez v. Manthey*, 589 F.3d 764, 770 (5th Cir. 2009), which held that to show deliberate indifference, the plaintiff must show that the defendant had subjective knowledge of facts from which an inference of substantial risk of serious harm could be drawn, that the defendant actually drew the inference, and that the defendant's response indicated that he subjectively intended that harm to occur. *Brown*, 663 F.3d at 249. This is the standard applied by the district court. Martinez has not presented anything on appeal that challenges the district court's purely legal determination of the evidence required to show that Martinez's course of conduct in this matter "would be objectively unreasonable in light of clearly established law." *Kinney*, 367 F.3d at 347.

Applying the facts alleged by Smith to the deliberate indifference standard, the district court found that "a reasonable jury could find that Nurse Martinez actually drew the inference that a substantial risk of serious harm existed to [Smith] given that [Smith] testified that she repeatedly refused to allow him to see Dr. Fortner during this time[ ]frame, despite him asking repeatedly and graphically detailing his symptoms to her." In overruling objections to these findings, the district court found that additional evidence cited by Martinez did not negate the sufficiency of these facts to preclude summary judgment. Rather, the district court found that the resolution of the "case turns on assessing the credibility of witnesses and weighing the evidence, neither of which the court can do at the summary judgment stage."

On appeal, Martinez does not directly challenge the district court's conclusion that there are genuine issues of material fact but argues that other facts outweigh Smith's testimony. Martinez argues that Smith did not allege evidence showing that she had knowledge of facts from which to infer that Smith

was at substantial risk of serious medical harm because his symptoms were normal for his condition and he was receiving the standard medical treatment for them. She argues that Smith failed to allege facts showing that he faced a substantial risk of medical harm because there was nothing else that could have been done for him during January and February of 2008. Martinez argues that she was following the orders of Smith's doctor and that any decision to deviate from those orders could amount to no more than medical malpractice. Finally she argues that, assuming she ignored Smith, she knew that he was being treated by the medical staff at the jail. These arguments are all directed to the truth of the factual allegations made by Smith and not "at whether the facts, taken as true, could legally support an inference of deliberate indifference." *Brown*, 663 F.3d at 250. Accordingly, we do not have jurisdiction to review the district court's conclusion that there was a factual dispute as to what Martinez knew of Smith's underlying illness and deteriorating physical condition and what can be inferred by her failure to take any action on his behalf based on his worsening symptoms. *See id.* at 249-50.

APPEAL DISMISSED.